[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff, AFSCME, Council 4, AFL-CIO, P-2 Bargaining Unit, Locals 714, Local 91, brings this lawsuit, pursuant to General Statutes §31-68,[1] on behalf of its state employee members against the defendant, the state of Connecticut, alleging that the defendant has failed to compensate its members for overtime wages. The plaintiff is seeking a declaratory judgment, an accounting of all of the alleged compensation to which the plaintiffs are entitled, monetary damages and reasonable attorneys' fees and costs. Specifically, the plaintiff alleges that eleven of its members worked hours in excess of the hourly levels specified in their union contracts and General Statutes § 31-76c[2]
and, therefore, are entitled to overtime compensation at a rate of not less than time and one half. CT Page 3820
The defendant moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction on the grounds that the plaintiff lacks standing and has failed to exhaust contractual and administrative remedies. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
In deciding whether an association such as a union has standing, the Connecticut "Supreme Court, has adopted the federal standard of representational or associational standing as set forth in Hunt v.Washington State Apple Advertising Commission, 432 U.S. 333, 343,97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (Internal quotation marks omitted.)Connecticut Associated Builders Contractors v. Anson, 251 Conn. 202,209-10, 740 A.2d 804 (1999); Gay and Lesbian Law Students Assn. v. Boardof Trustees, 236 Conn. 453, 464, 673 A.2d 484 (1996).
The court need not address the specific arguments raised by the defendant because it finds that the plaintiff has not satisfied the third prong of the associational standing test. "Representational standing depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." (Internal quotation marks omitted.) Gay Lesbian Law Students Assn. v. Board of Trustees, supra, 236 Conn. 464. In the present case, however, the prayer for relief requested includes "monetary damages in the form of back pay compensation, and liquidated damages equal to twice their unpaid compensation"; and will of necessity require the participation of the individual members of the union. SeeState Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, CT Page 3821 305, 524 A.2d 636 (1987); Connecticut Assn. of Health Care Facilities v.Worrell, 199 Conn. 609, 617, 508 A.2d 743 (1986); see also InternationalUnion of Elevator Constructors, Local 91 v. State Elevator Work ExaminingBoard, et al, Superior Court, judicial district of Hartford, Docket No. 809162 (February 15, 2002, Peck J.). (31 Conn.L.Rptr. 439)
In support of this finding, the court notes that the complaint is brought in one count for the unambiguous and overriding purpose of securing monetary relief for individual union members employed in the job classifications identified in the complaint. Complaint, ¶ 3. The prayer for relief demands the involvement of these individuals. It seeks a declaratory judgment that the members of the plaintiff union have been deprived of "`their rights; protections and entitlements under law," "a complete and accurate accounting of all the compensation" which they are due, back pay and liquidated damages amounting to twice the amount of back pay. There is no question that the predominant relief sought is monetary damages based on the claims of individual members of AFSME, Council 4. At a minimum, the participation of those individuals is essential to the lawsuit to establish proof of overtime hours worked, the wage upon which the overtime compensation would be based, the applicability or inapplicability of exemptions for professional, executive and administrative employees, and any credits which may be due to the defendant as an offset against the overtime wages claimed.
Accordingly, the defendant's motion to dismiss is granted.
Peck, J.